

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00241-CR
No. 02-22-00242-CR

_____

DESMOND GERMAIN NORFLEET, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court Nos. 1578554D, 1697505D

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

In separate cause numbers, a grand jury indicted Desmond Germain Norfleet for murder and sexual assault, and—without a plea bargain—he pleaded guilty to each offense. *See* Tex. Penal Code Ann. §§ 19.02(b)(1), 22.011(a)(1)(B). After a single punishment hearing, the trial court assessed Norfleet's punishment at 75 years' confinement and a $10,000 fine for each conviction and sentenced him accordingly, ordering the sentences to run concurrently. Norfleet did not object to the sentences.

Norfleet's court-appointed counsel has filed a motion to withdraw as counsel and a brief in support of that motion, in which he avers that, in his professional opinion, the appeals are frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), by professionally evaluating the appellate record and demonstrating why no arguable grounds for relief exist. *See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991). Counsel also complied with *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

This court gave Norfleet the opportunity to file a response on his own behalf. We received a letter dated July 12, 2023, in which he informed the court that his court-appointed appellate counsel had already filed a notice of appeal. The State declined to file a response.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills *Anders*'s requirements, we must

2

independently examine the record for any arguable ground that may be raised on his behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the appellate records. We agree with counsel that these appeals are wholly frivolous and without merit; we find nothing in the appellate records that arguably might support these appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 26, 2023